(A.R.D. 135)

United States *v.* {Dalminter, Inc.<br>R. W. Smith

Entry Nos. 641–H; 29–H.

Third Division, Appellate Term

(Decided September 13, 1961)

*William H. Orrick, Jr.,* Assistant Attorney General (*Daniel I. Auster* and *Samuel D. Spector,* trial attorneys), for the appellant.

*Sharretts, Paley & Carter* (*Howard Clare Carter* of counsel) for the appellees.

Before Johnson, Donlon, and Richardson, Judges;
Johnson, J., and Richardson, J., concurring

Donlon, Judge: Defendant below has appealed to us for review of the decision of Lawrence, J., reported as *Dalminter, Inc.,* and *R. W. Smith* v. *United States,* 46 Cust. Ct. 620, Reap. Dec. 9938, in which two appeals for reappraisement were consolidated for purposes of trial.

The trial judge found that United States value (which was the basis of appraisement) was the proper basis for valuing certain seamless steel tubing, imported from Italy at the port of Houston, Tex. The trial judge found, however, that the amount of the United States values of this merchandise, as determined by the appraiser, were incorrect, and he adjusted the values. This appeal attacks only a part of that adjustment, as more fully set forth in our opinion.

Section 402(e), Tariff Act of 1930, as amended, effective on August 16, 1955, at the time when this merchandise was entered, defines United States value and the method by which such value is to be computed, as follows:

The United States value of imported merchandise shall be the price at which such or similar imported merchandise is freely offered for sale for domestic

577

consumption, packed ready for delivery, in the principal market of the United States to all purchasers, at the time of exportation of the imported merchandise, in the usual wholesale quantities and in the ordinary course of trade, with allowance made for duty, cost of transportation and insurance, and other necessary expenses from the place of shipment to the place of delivery, a commission not exceeding 6 per centum, if any has been paid or contracted to be paid on goods secured otherwise than by purchase, or profits not to exceed 8 per centum and a reasonable allowance for general expenses, not to exceed 8 per centum on purchased goods.

The issues litigated before the trial judge concerned only the deductions reasonably allowable for profit and for general expenses, in computing the United States value of this merchandise. The appraiser's computation of value was set forth in the opinion of the trial judge, from which we quote as follows:

Steel tubing, such as that here under consideration, previously imported from Italy, was freely offered for sale and sold in Houston, Tex., the principal market of the United States at the time of exportation of the imported merchandise (July 1955), at prices shown on collective exhibits 2 and 3, less a cash discount of 2 per centum. These prices, which will be shown, *infra*, were without restrictions of any kind. The price did not vary with the quantity purchased so that there is no question here as to what constitutes a usual wholesale quantity.

The evidence contained in the financial report, collective exhibit 1, and the pricelists, collective exhibits 2 and 3, together with the appraiser's returns of value, shown on the consular invoices herein, establishes material factors which enter into the determination of the questions at issue.

The schedule below sets forth the United States selling price of the grades and sizes of tubing in controversy, with deductions for a cash discount. It also shows allowances for profit, general expenses, ocean freight, inland freight, and duty, which were deducted by the appraiser in arriving at United States value:

| Grade and size | Selling price in US | Less 2% cash discount | Less allowance for profit and general expenses of 9.09% | Appraiser's return |
|---|---|---|---|---|
| N–80 2⅜'' x 0.190'' | $70. 39 | $68. 97 | $62. 70 | $62.70 less ocean freight of $13.50 per metric ton less inland freight of $6 per metric ton less U.S. duty included of 4% and 12½% |
| N–80 2⅞'' x 0.217'' | 95. 25 | 93. 345 | 84. 86 | $84.86 less deductions as above |
| J–55 2⅜'' x 0.190'' | 58. 50 | 57. 33 | 52. 11 | $52.11 less ocean freight of $13.50 per metric ton less inland freight of $6 per metric ton less U.S. duty included of 12½% |

The trial judge, on the record before him, found that the United States selling prices which the appraiser had determined were correct as the starting point for computing United States value. The deduc-

tions, other than allowance for profit and general expenses, were likewise approved. The deduction of 9.09 per centum which the appraiser had allowed, in lump, for profit and general expenses, was separated by the trial judge into two items, with the aggregate increased, resulting in a finding that United States values were as follows:

| Size and grade | United States value |
|---|---|
| 2⅜″ x 0.190″ N–80 | 70.39 less 2% less 7.60% for general expenses and 7.15% for profit less ocean freight of $13.50 per metric ton less inland freight of $6 per metric ton less duty of 12½% less 4%. |
| 2⅞″ x 0.217″ N–80 | $95.25 less deductions as above stated. |
| 2⅜″ x 0.190″ J–55 | $58.50 less 2% less 7.60% for general expenses and 7.15% for profit less ocean freight of $13.50 per metric ton less inland freight of $6 per metric ton less duty of 12½%. |

Appellant does not allege error either as to the separation of the appraiser's lump allowance into two distinct items, or as to the finding that 7.15 per centum is a reasonable allowance for profit. Appellant does allege error in the finding of the trial judge that 7.60 per centum is a reasonable allowance for general expenses, and that contention is predicated on the claim that two items of expense, more fully discussed below, are not, in fact, general expenses and, therefore, are not evidence supporting the finding of the trial judge that 7.60 per centum of United States selling price is a reasonable allowance for general expenses.

One of the disputed items is a fee paid for inspection of the merchandise in Italy by an independent agency, prior to export. The trial judge found that there was an established practice, on the part of the purchasers in the United States of foreign-made seamless tubing, to have the tubing inspected by an independent agency prior to its shipment from Italy, in order to ascertain that the tubing meets the standards of the American Petroleum Institute, the tubing being what is known in the trade as "oil country tubular goods."

The other disputed item is the cost of transporting, handling, and storing the merchandise in the United States, after arrival in Houston and prior to sale.

There is no evidence controverting the proofs that these were, in fact, expenses in connection with the involved merchandise.

Appellees (plaintiffs below) make clear what their claim is, namely, that the two disputed items are general expenses and, as such, the evidence of record supports the trial judge's allowance as a reasonable allowance for general expenses. Nevertheless, appellant, in its brief on appeal, sets up, as a straw man to be knocked down, the argument that these items are not a part of the necessary expense for trans-

porting the imported merchandise from the place of shipment to the place of delivery. Appellees make no claim that they are. The trial judge did not so find. Appellant's brief goes off at a tangent, which limits the usefulness of the brief to us in resolving the issue raised on this appeal.

What are and what are not the necessary expenses of transporting merchandise from the place of shipment to the place of delivery, are issues that have been often litigated. What is a reasonable allowance for general expenses is an issue infrequently litigated. Indeed, there appear to be only two decided cases that directly involve the latter issue.

In *Alex Schechter Corp.* v. *United States*, 2 Cust. Ct. 867, Reap. Dec. 4532, the basis of appraisement was United States value. There was evidence, in the form of financial statements, bearing on both profit and general expenses. Items of general expense discussed in the opinion include salaries and "bad debts written off." The general nature of the burden of proof was discussed, in the opinion, as follows:

In *United States* v. *American Aniline Products, Inc.*, 22 C.C.P.A. 380, T.D. 47399, it was held that profit for the purposes of section 402(d) of the Tariff Act of 1922, which was identical in form and language with section 402(e) of the Tariff Act of 1930, is the usual profit made in dealing in the merchandise involved. This statement holds true also with reference to general expenses.

Manifestly, it would be difficult, if not impossible, from an accounting standpoint, to establish the usual general expenses and profit made in dealing in a particular commodity on a given date of exportation of imported merchandise for the purposes of section 402(e), *supra*, but on the other hand, such general expenses and profits should be established with reasonable certainty.

More recently, the question as to a reasonable allowance for general expenses, in determining United States value, was before the court in *United States* v. *E. H. Corrigan*, 36 Cust. Ct. 639, A.R.D. 67, affirming 33 Cust. Ct. 540, Reap. Dec. 8355.

Cases which hold, directly or by analogy, that the items here in dispute are not so-called "necessary expenses" of transportation under section 402(e), as not being for the transportation of the merchandise between the points specified in the statute, are ineffective as authority for the proposition that such items likewise are not general expenses, of the kind for which section 402(e) authorizes a reasonable allowance up to 8 per centum of United States selling price, as a deduction in arriving at United States value, in addition to the so-called necessary expenses.

Appellees have proved "with reasonable certainty" that the disputed items are general expenses. Apparently, they have presented no proofs as to any other items of general expense and, hence, are not

entitled to allowance for general expenses in excess of that supported by their proofs. That is an allowance of 7.60 per centum, as the trial judge found.

Because zealous counsel sometimes fall into the error of citing decisions for propositions which the cases do not hold, it should be made clear beyond risk of misunderstanding that we do not hold that the disputed items are deductible *per se*. The statute does not authorize that. What the statute does authorize is a *reasonable allowance* for general expenses. We hold that plaintiffs (appellees here) have, by sufficient proofs, supported the finding of the trial judge that 7.60 per centum is a reasonable allowance for general expenses.

The findings of the trial judge and his conclusions of law are affirmed. Judgment will be entered affirming his order of reappraisement.

(Note: RICHARDSON, Judge, concurred in the following opinion):

### CONCURRING OPINION

JOHNSON, Judge: For the reasons stated below, I concur in the affirmance of the decision and judgment of the trial court in this case.

The issue is whether certain items may properly be included as part of the reasonable allowance for general expenses which is deductible in determining United States value under section 402(e) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938. Said section provides that the United States value shall be the price at which such or similar imported merchandise is freely offered for sale for domestic consumption, packed ready for delivery, in the principal market of the United States, with allowances for the following:

(1) Duty.

(2) Cost of transportation and insurance, and other necessary expenses from the place of shipment to the place of delivery.

(3) A commission not exceeding 6 per centum, if any has been paid or contracted to be paid on goods secured otherwise than by purchase, or profits not to exceed 8 per centum, and

(4) A reasonable allowance for general expenses, not to exceed 8 per centum on purchased goods.

The disputed items in the instant case are the cost of inspecting the merchandise, seamless steel tubing, in Italy, by an independent agency, prior to shipment, and charges incurred for transporting the merchandise from the pier in this country to the warehouse, and the cost of handling and storage.

It is not claimed that said costs for transportation and storage are deductible under item (2), *supra*, as "other necessary expenses from the place of shipment to the place of delivery," but under item (4).

*supra*, as general expenses. While there are cases holding that such costs are not deductible as "other necessary expenses from the place of shipment to the place of delivery" (*Johnson Co.* v. *United States*, 13 Ct. Cust. Appls. 373, T.D. 41318; *Same* v. *Same*, 13 id. 626, T.D. 41480; *United States* v. *E. H. Corrigan*, 36 Cust. Ct. 639, A.R.D. 67, and cases cited), there is nothing in the statute to preclude their inclusion as part of reasonable general expenses in a proper case.

The term "usual general expenses" used in connection with the items making up cost of production under section 402(f) has been defined in *United States* v. *Alfred Dunhill of London, Inc.*, 32 C.C.P.A. (Customs) 187, C.A.D. 305, as follows (p. 189):

> In our opinion the "usual general expenses" of a business are the expenses of doing business. This would include in addition to the cost and manipulation of materials, all salaries, wages and commissions, traveling expenses, advertising, rents, taxes on buildings, stationery, stenographic, telephone and telegraph expenses, costs of delivery, depreciation on plant and equipment, and other actual outlays. These are the usual general expenses of business, and profit is calculated on the difference between such expenses and receipts.

Items such as those listed may properly be considered in determining what constitutes "general expenses" in connection with United States value. Such expenses are those incurred in dealing with the merchandise under appraisement, for which a reasonable allowance may be made. *Alex Schechter Corp.* v. *United States*, 2 Cust. Ct. 867, Reap. Dec. 4532; *United States* v. *E. H. Corrigan, supra*.

In the instant case, there is evidence that it was the established practice for purchasers of foreign-made seamless steel tubing to have it inspected by an independent agency prior to shipment to see that it met American Petroleum Institute standards. Thus, it appears that the cost of such inspection is an ordinary expense incurred in handling this type of merchandise. Such inspection is no doubt necessary and economical in order to assure the purchaser that he will receive merchandise meeting the required standards before he is subjected to the expense of shipment to this country.

The record also establishes that it was the general practice of the importer and others dealing in merchandise of this character to store it after arrival in this country and to sell from stock. The cost of transportation to warehouse and the cost of storage are, therefore, a part of the general expenses involved in dealing with this merchandise. A different question would arise were the merchandise handled ordinarily in some other way.

I am, therefore, in accord with the finding of the trial court that these items, together with other undisputed items of general expense, amounting *in toto* to 7.60 per centum, constitute a reasonable allowance for general expenses in this case.